**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

|  |  |
|---|---|
| LEE EDWARD PHILLIPS, ) <br> ) <br> Movant, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) <br> ) | Cv. No. 2:16-cv-02288-JPM-cgc <br> Cr. No. 2:02-cr-20435-BBD-1 |

**ORDER GRANTING MOTION PURSUANT TO 28 U.S.C. § 2255 AND VACATING
JUDGMENT IN CRIMINAL CASE**

Before the Court is a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by Person in Federal Custody ("§ 2255 Motion"), filed by Movant Lee Edward Phillips, Bureau of Prisons register number 18843-076, who is currently incarcerated at the United States Penitentiary in Terre Haute, Indiana. (§ 2255 Mot., *Phillips v. United States*, No. 2:16-cv-02288-JPM-cgc (W.D. Tenn.), ECF No. 1.) For the reasons stated below, Phillips' § 2255 Motion is GRANTED.

**I.    PROCEDURAL HISTORY**

   **A.    Criminal Case Number 02-20435**

On November 19, 2002, a federal grand jury returned a one-count indictment charging that, on or about July 16, 2002, Phillips, a convicted felon, knowingly possessed a Remington Peters, 12 gauge shotgun shell, in violation of 18 U.S.C. § 922(g). (Indictment, *United States v. Phillips*, No. 2:02-cr-20435-BBD-1 (W.D. Tenn.), ECF No. 1.) The factual basis for the charges is stated in the presentence report ("PSR"):

### **The Offense Conduct**

5. On July 16, 2002, Memphis police officers received a prowler call at 445 Lauderdale Woods Cove. Upon arrival, officers saw two males standing in front of an apartment beating on the door. One of the officers observed Phillips drop a dark object, which looked like a weapon, next to the steps. The officers checked Phillips for weapons and found in his pocket a wood stick and at the end of the stick was a nail. The officers checked the area where the object was dropped and found a homemade 12 gauge shotgun (Zip Gun) with a 12 inch barrel along with one live Remington Peter 12 gauge shotgun shell in the barrel. The defendant admitted to investigators he had been in possession of the "home made" shotgun.

6. A special agent with the [Bureau of] Alcohol, Tobacco and Firearms examined the ammunition which was found and the ammunition was not manufactured in Tennessee, and therefore, at some point traveled in interstate and/or foreign commerce.

(PSR ¶¶ 5-6.)

Phillips appeared before Judge J. Daniel Breen of this Court on July 16, 2003, to plead guilty to Count 1 of the Indictment. (Min. Entry, *United States v. Phillips*, No. 2:02-cr-20435-BBD-1 (W.D. Tenn.), ECF No. 30.) At a hearing on October 17, 2003, Judge Bernice B. Donald sentenced Phillips as an armed career criminal to a term of imprisonment of 188 months, to be followed by a three-year period of supervised release. (Min. Entry, *id.*, ECF No. 34.)[1] Judgment was entered on October 28, 2003. (J. in a Criminal Case, *id.*, ECF No. 36.) Phillips appealed the

---

[1] The 2002 edition of the *Guidelines Manual* was used to calculate Phillips' sentencing range. (PSR ¶ 11.) Pursuant to § 2K2.1(a)(1) of the United States Sentencing Guidelines ("U.S.S.G."), the base offense level for violation of 18 U.S.C. § 922(g) is twenty-six (26) since the offense involved a firearm described in 26 U.S.C. § 5845(a) or 18 U.S.C. § 921(a)(30) and the defendant committed the instant offense subsequent to sustaining at least two felony convictions for either a crime of violence or a controlled substance offense. (*Id.* ¶ 12.) Phillips also received a three-level reduction for acceptance of responsibility, U.S.S.G. § 3E1.1, resulting in a total offense level of 23. (*See id.* ¶ 19.) Given his criminal history category of VI (*id.* ¶ 41), the guideline sentencing range ordinarily would have been 92-115 months. (*2002 Guidelines Manual*, Ch. 5, part A – Sentencing Table.)

Because of his prior convictions for violent felonies, however, Phillips was sentenced as an armed career criminal pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), and U.S.S.G. § 4B1.4. (PSR ¶ 18.) Pursuant to U.S.S.G. § 4B1.4(b)(3)(A), the offense level was 34. (*Id.*) After accounting for Phillips' three-level reduction for acceptance of responsibility (*id.* ¶ 19), the total offense level was 31 (*id.* ¶ 20). The guideline sentencing range was 188-235 months. (*Id.* ¶ 69.) Phillips was also subject to a mandatory minimum sentence of 15 years, or 180 months, pursuant to 18 U.S.C. § 924(e). (*Id.* ¶ 68.)

2

denial of his motion to suppress, and the Sixth Circuit affirmed the district court's judgment denying Phillips' motion to suppress on April 22, 2005. (Order of Sixth Cir., *id.*, ECF No. 41.)

B.     **Civil Case Number 16-2288**

On April 28, 2016, Phillips filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion"). (§ 2255 Mot., *Phillips v. United States*, No. 2:16-cv-02288-JPM-cgc (W.D. Tenn.), ECF No. 1.) Phillips argues that he was improperly sentenced as an armed career criminal following the Supreme Court's ruling in *Johnson v. United States*, 135 S. Ct. 2551 (2015) because his sexual battery conviction no longer qualifies as a predicate conviction. (§ 2255 Mot. at PageID 4, *id.*, ECF No. 1.) On April 29, 2016, the Court directed the Government to respond. (Order Directing Gov't to Respond, *id.*, ECF No. 4.)

On May 27, 2016, the Government filed a response, agreeing that Phillips' sentence should be vacated. (Resp., *id.*, ECF No. 7.) Specifically, the Government asserts that Phillips' Tennessee conviction for sexual battery does not qualify as a violent felony because the sexual battery statute "is not categorically a violent felony under the ACCA's use-of-force clause" and "the available state-court records do not establish the specific subsection of the sexual battery statute under which Phillips was convicted." (*Id.* at 4.) On the same day, the Court directed the parties to file the relevant state-court documents. (Order Directing Parties to File, *Phillips v. United States*, No. 2:16-cv-02288-JPM-cgc (W.D. Tenn.), ECF No. 8.) The Government filed an amended response, accompanied by the relevant state-court documents, the same day. (Am. Resp., *id.*, ECF No. 9.)

## II. THE LEGAL STANDARD

Pursuant to 28 U.S.C. § 2255(a),

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

"A prisoner seeking relief under 28 U.S.C. § 2255 must allege either: '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.'" *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003)).

## III. ANALYSIS

Phillips asserts that he is entitled to relief because "*Johnson* overrules the use of Mr. Phillip[s'] Tennessee sexual battery conviction for ACCA purposes." (Mem. in Supp. of § 2255 Mot. at 3, *Phillips v. United States*, No. 2:16-cv-02288-JPM-cgc (W.D. Tenn.), ECF No. 1-2.) The Government does not oppose the relief sought and requests that the Court vacate Phillips' sentence and sentence him to time-served. (Resp. at 4-6, *id.*, ECF No. 7.) The Government notes that without the ACCA enhancement, the correct statutory maximum is ten years imprisonment. (*Id.* at 1.) Because Phillips has already served in excess of this maximum sentence, the Government requests that "the Court vacate Phillips' sentence and impose a sentence of Time Served." (*Id.* at 5.) The Government also request that the Court re-impose the three-year period of supervised release imposed in the original judgment. (*Id.* at 6.)

### A. *Johnson v. United States*

The ACCA provides that:

> In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).

18 U.S.C. § 924(e)(1).

"Violent felony" is defined by the ACCA as a felony "that (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B).

The Supreme Court held in *Johnson* that the residual clause of the ACCA, encompassing all felonies that "involve[] conduct that presents a serious potential risk of physical injury to another," 18 U.S.C. § 924(e)(2)(B)(ii), was unconstitutionally vague and that the application of the residual clause to increase a sentence violated the Due Process Clause. 135 S. Ct. 2551, 2557 (2015). The *Johnson* decision applies only to the residual clause and "does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." *Id.* at 2563.

The Supreme Court has made *Johnson*'s rule retroactive to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1265 (Apr. 18, 2016) ("*Johnson* is thus a substantive decision and so has retroactive effect . . . .").

### B. Phillips' Prior Convictions

The prior convictions used to qualify Phillips as an armed career criminal were: (1) a 1988 Arkansas conviction for delivery of a controlled substance (PSR ¶ 24); (2) a 1994 Tennessee conviction for sexual battery (*id.* ¶ 29); and (3) a 2000 Tennessee conviction for robbery (*id.* ¶ 35). (*Id.* ¶ 12.) Sexual battery previously qualified as a violent felony under the residual clause of the ACCA. *See United States v. Arnold*, 92 F.3d 1186, 1996 WL 435275, at *1 (6th Cir. 1996) (unpublished table decision) (finding that assault with intent to commit sexual battery presented a serious risk of potential injury to another, but "was neither specifically enumerated in the applicable Guidelines commentary nor a crime whose statutory elements necessarily involves the use of force, attempted force, or threatened force"). Sexual battery is not an enumerated offense under the ACCA. Thus, following the retroactive decision in *Johnson*, the Court must determine whether Phillips' sexual battery conviction qualifies as a predicate offense under the use-of-force clause of the ACCA.

When Phillips was convicted of sexual battery in 1994, Tennessee's sexual battery statute provided, in pertinent part:

> (a) Sexual battery is unlawful sexual contact with a victim by the defendant or the defendant by a victim accompanied by any of the following circumstances:
>
> > (1) Force or coercion is used to accomplish the act;
> >
> > (2) The sexual contact is accomplished without the consent of the victim and the defendant knows or has reason to know at the time of the contact that the victim did not consent;
> >
> > (3) The defendant knows or has reason to know that the victim is mentally defective, mentally incapacitated or physically helpless; or
> >
> > (4) The sexual contact is accomplished by fraud.
>
> (b) As used in this section, "coercion" means the threat of kidnapping, extortion, force or violence to be performed immediately or in the future.

Tenn. Code Ann. § 39-13-505.  Sexual battery can be accomplished by fraud, and therefore, it is not categorically a violent felony under the use-of-force clause.  Because the statute is divisible, the Court may apply the modified categorical approach to determine whether Phillips' conviction qualifies under the use-of-force clause.  *See Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013).  In the instant case, however, the state-court records submitted by the Government do not establish the specific subsection of the sexual battery statute under which Phillips was convicted.  As the Government correctly observes, it is therefore unclear whether Phillips' conviction necessarily involved the use of physical force.  Accordingly, it does not qualify as a violent felony and cannot be used as a predicate conviction to enhance Phillips' sentence under the ACCA.  Phillips has only two other prior convictions which qualify as predicates under the ACCA and, therefore, is not subject to the ACCA's fifteen-year mandatory minimum sentence.

Because Phillips is entitled to relief on the *Johnson* issue raised in his § 2255 Motion, the Court GRANTS the § 2255 Motion.  The sentence imposed on October 17, 2003, is VACATED.  It is ORDERED that his sentence is reduced to a "time-served" sentence and that the three-year term of supervised release is re-imposed.  This Order shall take effect ten days from its entry in order to give the Bureau of Prisons time to process Movant's release.  Except as provided above, all provisions of the judgment dated October 28, 2003, shall remain in effect.

**IT IS SO ORDERED**, this 27th day of May, 2016.

/s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE